■ ANNA LEONTIOS et al., Respondents, v FARAH ARZANIPOUR et al., Defendants. JULIAN KAPLAN, Nonparty Appellant. [802 NYS2d 404]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 1, 2003, which, to the extent appealed from as limited by the briefs, denied nonparty appellant Julian Kaplan's cross motion to fix the amount and enforce his attorney's lien, pursuant to Judiciary Law § 475, unanimously reversed, on the law and the facts, without costs, and the cross motion granted. The Clerk is directed to enter judgment in favor of appellant and against plaintiffs in the amount of $13,566.60, with statutory interest from December 9, 1997.

It is undisputed that Kaplan began representing plaintiffs in connection with this matter in January 1990, pursuant to a retainer agreement, which provided, in pertinent part, that: "Depending on what stage this matter may be resolved, which is to say either in the course of the preliminary negotiations or ultimately at a trial, you agree to a contingency fee of between 25 and 30 percent of the value of the painting if recovered or the same percentages in the event the painting is actually sold when recovered."

Kaplan thereafter commenced the within action in October 1990. The complaint alleges, inter alia, that defendants removed a painting from plaintiffs' residence without their knowledge or authorization, and then coerced them into signing a bill of sale for the painting in the amount of $2,000, despite the fact that plaintiffs purportedly had no intention of selling it. The painting was allegedly valued in the range of $150,000 to $200,000, although it was unable to fetch a suitable price at a subsequent auction.

In December 1997, following jury selection, the parties reached a settlement which provided that the parties would employ their best efforts to sell the painting, and would divide the proceeds of the sale so that 55% went to plaintiffs and 45% to defendants. No sale took place, however, and in June 1999, appellant was disbarred for matters unrelated to this action. A pre-argument conference was held in January 2003 at which the parties reached another settlement whereby plaintiffs would pay $18,500 to Sotheby's, which was holding the painting, and another $18,500 to defendants, in exchange for which defendants would relinquish all claims to the artwork.

Kaplan, by letter dated February 3, 2003, advised the parties of his intention to recover legal fees he had earned on this matter prior to his disbarment. Further, he put all parties on notice of his statutory attorney's lien on the painting and any moneys or consideration received from its sale. Defendants moved, and plaintiffs cross-moved, to compel enforcement of the 2003 settlement agreement, and Kaplan subsequently cross-moved to fix the amount of, and to enforce his attorney's lien. The motion court, inter alia, denied Kaplan's cross motion on the ground that the 1997 settlement was never carried out. We disagree and reverse.

Initially, we note that a former attorney is entitled to recover fees earned prior to his/her disbarment so long as the misconduct involved does not relate to the representation for which the fees are sought (*Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer*, 304 AD2d 86, 91 [2003]). Here, there is no dispute that the misconduct which gave rise to Kaplan's disbarment is unrelated to the within action.

We find that Kaplan earned his fee upon the signing of the 1997 settlement, wherein he succeeded in securing a 55% interest in the painting for plaintiffs and, lacking a background in art, was to have no further role in the painting's agreed-upon marketing and sale. Moreover, it was not due to any inaction or neglect on Kaplan's part that the parties failed to abide by the 1997 settlement. We additionally find that Kaplan is entitled to

the higher contingency percentage of 30% set forth in the retainer agreement as he shepherded this matter from trial preparation through jury selection and settlement. Since, as evidenced by the $37,000 that plaintiffs agreed to pay for the remaining 45% interest in the painting, the parties valued it at $82,222, we find Kaplan is owed 30% of the 55% interest he secured for plaintiffs, or $13,566.60 in fees. Concur—Mazzarelli, J.P., Marlow, Ellerin, Nardelli and Catterson, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on May 10, 2005 (18 AD3d 253 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor.